OPINION
{¶ 1} John Anthony Smith pleaded guilty as charged to forgery, a fifth degree felony, on September 19, 2002. On November 29, 2004, Smith was sentenced to twelve months incarceration, with credit for ninety-two days already spent in confinement.
 {¶ 2} On appeal, Smith advances three assignments of error:
 {¶ 3} "1. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED JOHN ANTHONY SMITH'S MOTION TO WITHDRAW HIS PLEA OF GUILTY BECAUSE MR. SMITH SHOWED THAT HE HAD NOT UNDERSTOOD THE POSSIBLE PENALTIES THAT HE MIGHT FACE IN PLEADING GUILTY.
 {¶ 4} "2. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED JOHN ANTHONY SMITH'S MOTION TO WITHDRAW HIS PLEA OF GUILTY BECAUSE MR. SMITH SHOWED THAT HE HAD A VIABLE DEFENSE TO THE OFFENSE OF WHICH HE WAS CHARGED.
 {¶ 5} "3. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED JOHN ANTHONY SMITH'S MOTION TO WITHDRAW HIS PLEA OF GUILTY BECAUSE MR. SMITH SHOWED THAT HE WAS NOT REPRESENTED BY HIGHLY COMPETENT COUNSEL AT THE TIME HE PLEADED GUILTY."
 {¶ 6} We do not reach the merits of these assignments because the record before us is insufficient to portray the asserted errors.
 {¶ 7} On January 31, 2005, Smith filed a videotape of the proceedings which occurred on September 19, 2002, and November 29, 2004. App.R. 9(A) provides:
 {¶ 8} ". . . When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 9} Typed or written portions of the transcript are not attached to Smith's brief, nor have they otherwise been made part of the record before us. The record before us is thus inadequate to demonstrate the alleged errors Smith complains of.
 {¶ 10} Under these circumstances, we employ the presumption of regularity in the proceedings of the trial court. Applied to this case, we presume there was a reasonable basis for the ruling of the trial court and the conduct of trial counsel of which Smith complains.
 {¶ 11} The assignments of error are overruled.
 {¶ 12} The judgment will be affirmed.
Grady, J. and Donovan, J., concur.