OPINION
{¶ 1} Defendant-Appellant, Sherry Arrellano, appeals a judgment of the Montgomery County Common Pleas Court, finding her guilty of one count of Forgery, R.C. 2913.31(A)(1), (C)(1)(c)(ii), a felony of the third degree, and four counts of Forgery, R.C. 2913.31(A)(1), (C)(1)(c)(i), felonies of the fourth degree, and sentencing her to two years in prison. Arrellano asserts that the trial court erred in sentencing her to more than the minimum term allowable. Because of the Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, we vacate the sentences imposed and remand this matter for resentencing.
 {¶ 2} With regard to her assignment of error, Arrellano claims that the findings made by the trial court to support the imposition of more-than-minimum sentences were made using a procedure deemed unconstitutional in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 3} In response to Arrellano's arguments, the State notes that she has filed videotapes of the proceedings herein, but has not provided typed or printed portions of those transcripts, as required by App.R. 9(A). Therefore, the State argues that the record fails to portray the errors about which she complains. Upon review, we agree that the lack of a transcript precludes us from reviewing Arrellano's specific arguments. Appellate Rule 9(A) provides that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." Absent such a transcript, we cannot determine whether the record supports findings the trial court purportedly made to support the imposition of more-than-minimum sentences. Without a transcript, Arrellano's arguments necessarily fail. State v. Smith,
Montgomery App. No. 20835, 2005-Ohio-5588, ¶ 9-10; State v.Morris, Montgomery App. No. 21125, 2006-Ohio-2129, ¶ 2.
 {¶ 4} Despite the foregoing conclusion, Arrellano's more-than-minimum sentences must be reversed and vacated in light of Foster, supra. In Foster, the Ohio Supreme Court declared unconstitutional portions of the Revised Code that require certain judicial findings before the imposition of more-than-minimum sentences, such as those Arrellano received here. Foster applies to any case pending on direct appeal when it was decided. Therefore, if the trial court made findings to support its more-than-minimum and consecutive sentences, it violated Foster and a remand for resentencing would be required.
 {¶ 5} In view of Foster, we conclude that a remand for resentencing is necessary in this case, notwithstanding Arrellano's failure to provide us with a typed or written transcript.
 {¶ 6} Arrellano's sentences are hereby vacated, and the cause is remanded for resentencing.
Brogan, J. and Wolff, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).