OPINION
{¶ 1} Eddie Hytower moved the trial court to vacate his plea of no contest to murder. Over twenty-three years separated his no contest plea and his motion to vacate that plea. After an evidentiary hearing at which Hytower and his former trial counsel, Richard Dodge, testified, Hytower's motion to vacate his plea was overruled. On appeal, Hytower asserts that the court's *Page 2 
ruling was an abuse of discretion requiring reversal. We disagree and will affirm the trial court's order overruling Hytower's motion.
 I {¶ 2} Hytower was indicted in June 1983 for murder. The indictment included a three-year firearm specification. In December 1983 Hytower pleaded no contest to murder in exchange for dismissal of the firearm specification. The trial judge, Carl Kessler, sentenced Hytower to fifteen years to life. The entry of waiver and plea on indictment which was filed after the plea was entered contained Hytower's acknowledgment that, inter alia, he was pleading no contest to murder, he understood the penalty was fifteen years to life, he understood he was not eligible for probation, and no promises had been made to him to induce his plea. Attorney Dodge signed the acknowledgment. Hytower, who had a second grade education and was illiterate, did not. The entry also contains Judge Kessler's findings that, inter alia, Hytower understood the maximum penalty, he was not eligible for probation, and the plea was voluntary.
 {¶ 3} The record of the plea proceeding was made by a court reporter who has since died. Although the reporter's stenographic notes were located, they could not be translated into comprehensible English.
 II {¶ 4} Hytower testified at the motion hearing that he pleaded no contest because he understood he would be out of prison in fifteen years. He said he would not have pleaded no contest if he thought he was facing life in prison. Although Hytower acknowledged that Judge Kessler told him the penalty "could be from 15 years to life," he testified that Judge Kessler told him "15 years, that's all the time I'd do." Hytower acknowledged signing a letter (written by *Page 3 
someone else) to (by that time) Judge Dodge, dated September 12, 1999, which stated "(Judge Kessler) also said that when I do this time he might be retired or dead according to his age. He also said that when I do this time and if he's around he would get me out." (Although the trial court admitted this letter, it is not part of the record on appeal and our efforts to locate it have been unsuccessful.)
 {¶ 5} Richard Dodge, who at the time of the motion hearing was an active retired common pleas court judge, testified and said he had little recollection of the plea proceeding. He testified that he had practiced before Judge Kessler many times. When asked whether he ever heard Judge Kessler make a promise as claimed by Hytower, he responded: "In a situation like this I never heard him make any promises . . . on a murder case like this the judge has no jurisdiction after he's sentenced and there's no way that Carl (Kessler) would have made that kind of a promise to Eddie." Judge Dodge further testified that he understood the sentence would be fifteen years to life and that he would have made sure Hytower understood that, both before Hytower entered his plea and at the sentencing. When the prosecutor asked why Hytower did not sign the entry of waiver and plea on indictment, the following exchange occurred:
 {¶ 6} "Q. Okay. Now with regards to a plea waiver form, Defendant's Exhibit A, which I have here, obviously the defendant didn't sign this plea waiver form.
 {¶ 7} "A. Right.
 {¶ 8} "Q. Do you have any recollection of whether that would be if the defendant couldn't read and write?
 {¶ 9} "A. In all likelihood it was.
 {¶ 10} "Q. Okay. But you don't specifically recall? *Page 4 
 {¶ 11} "A. Right. And I would have explained all of these things to him not only in the jury room before but at the time.
 {¶ 12} "Q. Okay. Thank you. If Judge Carl Kessler would have said anything different than what was stated here on this plea form would you have made note of that and made sure that the defendant was advised?
 {¶ 13} "* * *
 {¶ 14} "A. Absolutely."
 {¶ 15} Judge Dodge also testified that he recalled that Hytower, who was sixty-two years old at the time he entered his plea, was desirous of getting the three-year firearm specification dismissed.
 {¶ 16} The trial court determined, in essence, that on the state of the evidence, Hytower failed to prove manifest injustice and overruled the motion to vacate the plea of no contest.
 III {¶ 17} Hytower utilizes the oft-cited Peterseim analysis to argue that the trial court abused its discretion in denying his motion to vacate plea. State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863.
 {¶ 18} Peterseim states:
 {¶ 19} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the *Page 5 
plea withdrawal request." Id.
 {¶ 20} Hytower claims that the second Peterseim factor is implicated because he did not receive a fair hearing before he pleaded no contest. He bases this claim upon his contention that Judge Kessler promised him a maximum sentence of fifteen years. He claims that because there is no transcript of the plea proceeding, it should be presumed that he would not have waived his right to trial but for Judge Kessler's "promise of a maximum fifteen-year sentence."
 {¶ 21} Hytower has only his own testimony and his 1999 letter to Judge Dodge to support his contention that Judge Kessler promised him he would serve no more than fifteen years. This testimony is belied by the entry of waiver and plea on indictment, the termination entry, and the testimony of Judge Dodge. The trial court was understandably skeptical of Hytower's recollection. That skepticism finds support in the evidence that contradicted Hytower's evidence.
 {¶ 22} The fact that there is no usable transcript of the plea proceeding does not operate to Hytower's advantage. Absent a record, an appellate court will employ the presumption of regularity in the proceedings of the trial court. State v. Smith, Montgomery App. No. 20835, 2005-Ohio-5588. In this case, we will presume that Judge Kessler advised Hytower that he faced a non-probationary sentence of fifteen years to life and that he did not make a promise that he was powerless to implement: capping a fifteen-year to life sentence at fifteen years. Furthermore, Judge Dodge's testimony that Hytower was anxious to get the firearm specification dismissed, which otherwise would have delayed his parole eligibility by an additional three years, also weakens Hytower's claim that it should be presumed he would not have waived his right to go to trial but for Judge Kessler's alleged promise. *Page 6 
 {¶ 23} Hytower also claims that the fourth Peterseim factor is implicated. In claiming that the trial court did not give full and fair consideration to his motion to vacate his plea, Hytower again points to his own evidence that Judge Kessler promised him a sentence of no more than fifteen years and the lack of a transcript to refute his evidence. We have discussed and rejected this contention above.
 {¶ 24} Hytower also points to the fact that he did not sign the entry of waiver and plea on indictment. Nothing suggests that the trial court did not consider this fact, which is hardly dispositive, particularly in light of Judge Dodge's testimony.
 {¶ 25} Hytower also claims that his illiteracy is a good reason to believe he did not understand "the written terms of the agreement" and that his persistence since 1999 in seeking redress suggests his true belief that he was promised a sentence not exceeding fifteen years. Again, nothing suggests that the trial court did not consider these matters. Judge Dodge's testimony was that he would have made sure Hytower understood the terms of the plea, and Judge Kessler made an express finding that Hytower understood the maximum penalty. It would not have been unreasonable for the trial court to accord little, if any, import to Hytower's illiteracy or persistence.
 {¶ 26} Finally, Hytower claims the trial court erred in allowing Judge Dodge's testimony — based on his and Judge Kessler's customary practices more than actual recollection — to trump his own evidence. Evid.R. 406 permits the testimony Judge Dodge offered as to his and Judge Kessler's habits in representing criminal defendants and taking pleas, respectively. Furthermore, the trial court expressly found the entry of waiver and plea on indictment — which stated the penalty was fifteen years to life — compelling evidence. *Page 7 
 {¶ 27} In short, on this record we conclude that the trial court could have reasonably determined that Hytower failed to establish that he did not subjectively understand he was facing a fifteen year to life sentence when he pleaded no contest to murder.
 {¶ 28} The assignment of error is overruled.
 IV {¶ 29} The order appealed from will be affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1