OPINION
{¶ 1} Brian E. Crosley appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked his community control sanctions and sentenced him to one year in prison for non-support of his dependents.
 {¶ 2} On July 19, 2006, in two separate indictments, Crosley was charged with nine *Page 2 
counts of non-support. On January 12, 2007, Crosley entered into a plea agreement whereby he pled guilty to five of these counts and the other four were dismissed. The trial court sentenced Crosley to five years of community control sanctions in each case, and it ordered him to pay restitution in an aggregate amount of $62,610.51 at a rate of approximately $850 per month. Additional terms of his community control included requirements that Crosley obtain and maintain verifiable employment and report to the probation department regularly. In October 2007, the court scheduled a revocation hearing due to Crosley's failure to comply with these conditions.
 {¶ 3} Following a hearing, the trial court revoked Crosley's community control. The parties appear to agree that, at the revocation hearing, the court indicated its intention to impose two consecutive six-month sentences in each case, with a third sentence to run concurrently in one of the cases, and to run the sentences in the two cases concurrently, for an aggregate sentence of one year. The initial termination entry (filed January 25, 2008) imposed four consecutive six-month sentences, but the trial court corrected this error in an amended termination entry on May 6, 2008, which reflected the sentence discussed at the hearing.
 {¶ 4} Crosley appeals from the revocation of his community control, raising three "issues." Although the brief does not set forth assignments of error as required by App. R. 16(A)(3), we will construe the "issues" as assignments of error. We also note, as a preliminary matter, that Crosley filed only a videotape of the trial court proceedings. He did not "type or print those portions of [the] transcript necessary for the court to determine the questions presented," as required by App. R. 9(A). Where the record before us is inadequate to demonstrate the alleged error, we will employ the *Page 3 
presumption of regularity in the proceedings of the trial court.State v. Smith, Montgomery App. No. 20835, 2005-Ohio-5588.
 {¶ 5} First, Crosley contends that the trial court erred in revoking his community control while he was making a "good faith" effort to stay current on his obligations. He claims that the record demonstrated his continued attempts to make monthly child support payments and that he was faulted for not paying "fast enough." He also claims that, with respect to one of the cases, the evidence established that he had "caught up entirely" because his ex-wife had signed a waiver of the arrearage.
 {¶ 6} There are several problems with Crosley's argument. Most importantly, in the absence of a proper transcript, Crosley's claims that he was making a diligent effort to pay are not demonstrated by the record. Furthermore, in addition to supporting his children, Crosley was ordered to maintain verifiable employment and to report to the probation department. The State alleges that Crosley failed to satisfy these requirements in addition to the support obligations. Although Crosley offers excuses for failing to stay in touch with his probation officer, he has not argued that he satisfied these requirements. As such, we presume that there was a reasonable basis for the trial court's ruling.
 {¶ 7} Crosley also argues that he was denied the effective assistance of counsel, citing several specific issues. For example, Crosley contends that counsel should have requested a modification of his child support obligation to reflect that his employment had changed "in the name of fatherhood." Specifically, Crosley contends that he quit his job in order to raise one of his children, and that this decision, which should have been "encouraged" by the court, explained his inability to support his older *Page 4 
children. This argument demonstrates a lack of understanding of the court system and its purposes. A criminal proceeding for non-support is not the place to seek a modification of one's child support obligations, and the public defender's office is not charged with representing a defendant in such a proceeding. If Crosley thinks he has grounds for modification of the support order, he can seek such a modification in the domestic relations court. However, a modification in the existing support order will not affect the arrearage that he owes. Finally, we question Crosley's belief that the courts should "encourage" his decision to quit a job to raise one child with disregard for the other children whom he cannot support as a result of such a decision.
 {¶ 8} Crosley also contends that trial counsel was ineffective in advising him to enter a plea agreement when he had "ample evidence of dutiful monthly payments" to present at trial. Again, the record does not demonstrate that Crosley was making monthly payments before he entered his plea.
 {¶ 9} Crosley's final argument with respect to the ineffective assistance of counsel relates to the initial termination entry, which stated that several of his sentences were to be served consecutively. We have already noted that the trial court amended its termination entry to reflect concurrent sentences in each case. As such, Crosley has suffered no prejudice from his attorney's alleged failure to address this issue.
 {¶ 10} The third issue raised in Crosley's appeal relates to when he is due to be released from prison. Crosley claims that, with credit for time served, he should have been released in November 2007. This argument appears to be based on his expectation of concurrent terms on all counts, or an aggregate term of six months. In *Page 5 
fact, Crosley was sentenced to concurrent six-month terms in each case, but the sentences in the two cases ran consecutively. Thus, his aggregate term was one year, not six months. Crosley had credit for 175 days (approximately six months) when the sentence was imposed. Thus, it appears that he was due to be released in May 2008, rather than in November 2007.
 {¶ 11} Crosley's assignments of error are overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
Copies mailed to:
Kelly D. Crammer Mark J. Bamberger Hon. Dennis J. Langer *Page 1