OPINION
{¶ 1} On November 1, 2006, in case number 2005-CR-755, Calvin Johnson pled guilty to inciting violence in violation of R.C. 2917.01(A)(1), a third-degree felony, and aggravated riot in violation of R.C. 2917.02(A)(2), a fourth-degree felony. Johnson was sentenced to five years of community control. On November 26, 2007, in case number 2007-CR-3888, Johnson *Page 2 
pled no contest to possession of crack cocaine in violation of R.C. 2925.11(A), a fifth-degree felony.
 {¶ 2} Based upon Johnson's possession of crack cocaine conviction and violations of other conditions of community control, the trial court on December 7, 2007 revoked his community control in case number 2005-CR-755, and it sentenced him to a one-year prison term on the inciting violence offense and a twelve-month prison term on the aggravated riot offense. The trial court also sentenced Johnson to a twelve-month prison term in case number 2007-CR-3888 for the possession of crack cocaine offense. The trial court ordered all of the sentences to be concurrent for a total one-year prison term. Although Johnson filed a notice of appeal in both cases, in his brief he only assigns as error the concurrent twelve-month prison term imposed in 2007-CR-3888.
 I {¶ 3} Johnson concedes that our standard of review in reviewing his sentence is abuse of discretion. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470; State v. Slone, Greene App. Nos. 2005 CA 79, 2006 CA 75, 2007-Ohio-130. He claims that the trial court abused that discretion by imposing a maximum twelve-month sentence on the drug possession charge. Specifically, he claims that the trial court failed to consider the "recidivism not likely" factors found at R.C. 2929.12(E), which are:
 {¶ 4} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 5} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense. *Page 3 
 {¶ 6} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 7} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 8} "(5) The offender shows genuine remorse for the offense."
 {¶ 9} Johnson makes no claim that factors 2 or 3 apply to his situation. He does claim that factors 1, 4, and 5 apply because he was not ever adjudicated a delinquent child, this was only his second time before the common pleas court, he has acknowledged his drug dependence and expressed a desire for treatment, he has shown genuine remorse, his only community control violation was picking up a new drug charge, and he has not been afforded drug treatment or more intensive community control.
 II {¶ 10} Johnson has not favored us with a written transcript of the December 7, 2007, proceedings as required by App. R. 9(A), and the record is thus inadequate to demonstrate the trial court's alleged abuse of discretion. See State v. Smith, Montgomery App. No. 20835,2005-Ohio-5588. For example, the record is inadequate to demonstrate that Johnson admitted his drug dependence, expressed a desire for treatment, or showed genuine remorse. Under these circumstances, we presume the regularity of the proceedings below and presume a reasonable basis for the court's ruling. Id. (The State has reviewed the video recording of the proceedings and represents that Johnson did not admit his drug dependence, express a desire for treatment, or demonstrate genuine remorse).
 {¶ 11} The record before us belies Johnson's contention that the possession case was his only community control violation. The notice of community control violation hearing and *Page 4 
order, filed October 17, 2007, asserted several other violations: failure to obtain employment, five separate failures to report to the adult probation department, four separate dirty urines, and a failure to make consistent payments against financial obligations.
 {¶ 12} One of the conditions of Johnson's community control was that he attend the Chemical Dependence Education Program, undercutting his claim that he was not offered drug treatment.
 III {¶ 13} Assuming for the sake of argument that the first "recidivism not likely" factor applies, we have no basis for concluding the same is true for the fourth or fifth factor. Nor does this record demonstrate that the trial court did not give due consideration to R.C. 2929.11 and2929.12. Although the trial court imposed a maximum sentence in 2007-CR-3888, it imposed no additional time for the offenses of which Johnson was convicted in 2005-CR-755.
 {¶ 14} We find no abuse of discretion. The assignment of error is overruled. The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Michele D. Phipps
Candi S. Rambo
 Hon. Mary Katherine Huffman *Page 1