OPINION
{¶ 1} Defendant-appellant Derrick E. Roberts appeals a decision of the Clark County Court of Common Pleas, Juvenile Division, in which the trial court found Roberts to be an *Page 2 
unsuitable parent and overruled his motion for custody of his minor son, D.R. Roberts also appeals the trial court's award of sole legal custody of D.R. to plaintiff-appellee Claude Beverly, the child's maternal grandfather.
 {¶ 2} Beverly filed a motion for custody of D.R. on April 11, 2007. Roberts subsequently filed his own motion for custody on November 30, 2007. After a three-day hearing on the parties' respective motions, the trial court rendered its decision awarding sole custody of D.R. to Beverly in a judgment entry filed on September 8, 2008.1 Roberts filed a timely notice of appeal with this Court on October 8, 2008.[1]
 I {¶ 3} Roberts advances two assignments of error on appeal. Those assignments are as follows:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHERE IT FOUND THAT THE DEFENDANT-APPELLANT'S PRIOR HISTORY OF DRUG ABUSE AUTOMATICALLY MADE HIM AN UNSUITABLE PARENT."
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT FAILED TO DETERMINE PARENTAL UNSUITABILITY ON THE RECORD."
 {¶ 6} Roberts failed to provide a written or printed transcript of the evidentiary hearing held before the trial court. It should also be noted that Roberts failed to include a videotape of *Page 3 
the proceedings as part of the record before us.
 {¶ 7} The record demonstrates that Roberts' counsel attempted, pursuant to App. R. 9(D), to secure an agreed statement of the case on appeal, which would ostensibly preclude the need for a written transcript of the evidentiary hearing. App. R. 9(D) states in pertinent part:
 {¶ 8} "In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record pursuant to App. R. 10, may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court prior to the time for transmission of the record pursuant to App. R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App. R. 10."
 {¶ 9} On November 25, 2008, we filed an App. R. 11(B) notice to the parties to inform them that the record in the instant matter was complete. The notice provided that appellant had twenty days from the filing of the App. R. 11(B) notice in which to file his merit brief. The notice also informed the parties that we did not receive a copy of the transcript, written or otherwise, with the record that was submitted to us. On December 17, 2008, Roberts' counsel filed a motion for extension of time in which to file his merit brief. The extension motion also stated that Roberts' counsel was unable to convince opposing counsel to acquiesce to an agreed statement of the case pursuant to App. R. 9(D). We granted Roberts' extension and provided *Page 4 
him until January 15, 2009, to file his appellate brief.
 {¶ 10} Roberts filed his brief as directed on January 15, 2009. Roberts, however, failed to include a written transcript of the evidentiary hearing along with his brief. This failure prevents us from effectively reviewing his assignments of error regarding the trial court's finding of Roberts' unsuitability as a parent, as well as the award of sole legal custody of DR. to Claude Beverly. In the absence of a transcript, "we employ the presumption of regularity in the proceedings of the trial court." State v. Smith, Montgomery App. No. 20835, 2005-Ohio-5588.
 {¶ 11} Assuming regularity in the trial court's proceedings, without reaching the merits of Roberts' two assignments of error, we will presume that the court held a full hearing and provided every party an opportunity to be heard on their respective motions for custody of D.R. We will also presume that the trial court, based on the evidence presented during the hearing, correctly decided that Roberts was an unsuitable parent and that an award of custody to him would be detrimental to D.R. More importantly, we must presume that the court correctly awarded sole legal custody to D.R.'s maternal grandfather, Claude Beverly.
 {¶ 12} Both of Roberts' assignments of error are overruled.
 II {¶ 13} All of Roberts' assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
David D. Herier, William D. Bell, Sr., Lawrence J. Hofbauer, Hon. Thomas J. Capper.
[1] The evidentiary hearing took place before the trial court over the following three days: May 23, 2008, June 27, 2008, and August 15, 2008. *Page 1