[Cite as *State v. Merrick*, 2012-Ohio-4449.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                 :          C.A. CASE NO.    24971

v.                                      :          T.C. NO.    11CR1669

MARCUS A. MERRICK                       :          (Criminal appeal from
                                                   Common Pleas Court)

    Defendant-Appellant                :

                                        :

. . . . . . . . . .

## O P I N I O N

Rendered on the ___28th___ day of ___September___, 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAMES C. STATON, Atty. Reg. No. 0068686, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

MARCUS A. MERRICK, #655-159, Southeastern Correctional Institute, 5900 B.I.S. Road, Lancaster, Ohio 43130
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant Marcus A. Merrick submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} Merrick was originally charged with two counts of felonious assault, both felonies of the second degree, and two counts of endangering children (serious physical harm), also felonies of the second degree. Initially, Merrick pled not guilty by reason of insanity and requested a competency evaluation. The trial court ordered that a mental competency evaluation be conducted first. An evaluation was completed, and the trial court found Merrick competent to stand trial. Merrick subsequently pled no contest to all of the charges in the indictment.

{¶ 3} The plea transcript reflects the prosecutor's reading of the indictment (which tracks the statute) and Merrick's acknowledgment and understanding of the charges against him. Prior to his no contest pleas, the trial court conducted a thorough Crim. R. 11 dialogue with Merrick, and his pleas were entered in a knowing and voluntary fashion. There was no agreement regarding sentencing. In fact, we note that in a sentencing memorandum filed on March 3, 2010, the State requested that the trial court impose the maximum consecutive sentences allowed by law. On November 15, 2011, the trial court sentenced Merrick to four years for Count I, endangering children; four years for Count II, felonious assault; six years for Count III, endangering children; and six years for Count IV, felonious assault. The trial

court merged Count I with Count II and Count III with Count IV and ordered that the sentences be served consecutively for an aggregate sentence of ten years in prison.

{¶ 4}   Merrick filed a timely notice of appeal with this Court on December 29, 2011.   On May 16, 2012, appointed counsel representing Merrick submitted an *Anders* brief, alleging that no arguably meritorious issues exist for appeal.   By magistrate's order of May 31, 2012, we informed Merrick that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief.   We invited Merrick to file a pro se brief assigning any error for our review within sixty days of May 31, 2012.   Merrick has not filed anything with this Court.

{¶ 5}   Although arguing that there are no meritorious claims to raise on Merrick's behalf, his attorney identified three potential assignments of error; to wit: 1) the trial court erred in sentencing him to consecutive sentences; 2) the trial court erred by sentencing Merrick to an aggregate prison term of ten years; and 3) the trial court erred when it found Merrick competent to stand trial.   Upon review, we agree with appellate counsel that these potential assignments of error have no arguable merit.

{¶ 6}   Under *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, a trial court has discretion when imposing a felony sentence. We cannot say that the trial court abused its discretion when imposing the sentence that it did.   The offenses that Merrick committed, two counts each of felonious assault and endangering children, are all felonies of the second degree, and involved the extreme physical abuse of his own infant  daughter while under his care and responsibility.   Merrick's actions toward his daughter resulted in potential irreversible brain damage, seizures, hearing loss, mental retardation, learning

disabilities, and paralysis.

{¶ 7} Lastly, appellate counsel argues that a potential assignment is whether the trial court erred by finding Merrick competent to stand trial. The record establishes that the trial court ordered Merrick to undergo a competency evaluation on June 15, 2011. After the evaluation was conducted, the trial court held a competency hearing on August 2, 2011. In an entry issued on August 12, 2011, the trial court found Merrick competent to stand trial after both parties stipulated to the contents of the mental evaluation. Notably, Merrick has not provided us with a typed or printed copy of the transcript from the competency hearing so that we may properly review the record regarding this potential error, as required by App. R. 9(A).

{¶ 8} Absent such a transcript, we cannot determine whether the record supports findings the trial court made when it found Merrick competent to stand trial. We must, therefore, accept these findings as an accurate representation of the evidence adduced. Without a transcript, Moore's potential argument necessarily fails. *State v. Smith*, 2d Dist. Montgomery No. 20835, 2005-Ohio-5588, ¶9-10. We must, therefore, assume regularity in the proceedings. *State v. Morris*, 2d Dist. Montgomery No. 21125, 2006-Ohio-2129. Assuming regularity in the trial court's proceedings, we will presume that the trial court conducted a full evidentiary hearing and gave Merrick a full opportunity to be heard regarding his competency to stand trial. Furthermore, Merrick's responses at the plea hearing reveal cogent responses, twelve years of schooling and no indication of the use of psychotropic medications which would potentially impact his competency.

{¶ 9} In the performance of our duty, under *Anders v. California,* to conduct an

independent review of the record, we have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
James C. Staton
Marcus A. Merrick
Hon. Frances E. McGee