[Cite as *Cropper v. Cropper*, 2018-Ohio-1536.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| LYNDA J. CROPPER, nka SADLER | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2010-DR-287 |
| | : | |
| JAMES T. CROPPER | : | (Appeal from Family Court) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2018.

. . . . . . . . . .

BRIDGET D. HAWKINS, Atty. Reg. No. 0056082, 115 North Main Street, P.O. Box 549, Bellefontaine, Ohio 43311
      Attorney for Plaintiff-Appellee

JAMES T. CROPPER, 527 Railroad Street, Urbana, Ohio 43078
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellee Lynda Cropper filed a post-decree motion seeking the following: (1) an order modifying Defendant-appellant James Cropper's parenting time with the parties' two minor children; (2) an order changing the allocation of the income tax dependency exemptions for the children; and (3) an order modifying the requirement that the children attend Urbana City Schools. James, in response, filed a number of motions. The trial court, following a hearing, granted Lynda the relief she sought and, essentially, overruled James' motions. James appealed but did not cause a transcript of the proceedings to be prepared and filed. We, as a result, must presume the regularity of the trial court proceedings. Thus, the trial court's decision is affirmed.

**Procedural Posture**

{¶ 2} Though the appellate record does not include a copy of the parties' divorce decree, it appears, based upon a reference in the trial court's April 5, 2017 Journal Entry, that the divorce decree was filed on July 14, 2011. The marriage produced two children: B.C., born in 2003 and T.C., born in 2005. The divorce decree made Lynda the residential and legal custodian of the children with James being provided parenting time that was more generous than the parenting time allowed by the Champaign County Family Court Standard Order of Parenting Time (Standard Order). The decree, in some fashion, allocated the children's income tax dependency exemptions between the parties. Finally, pertinent to this appeal, the decree ordered that the children attend Urbana City Schools.

{¶ 3} Lynda, on July 6, 2016, filed a motion requesting modification of James'

parenting time, a change to the allocation of the children's income tax dependency exemptions, and a change to the decree provision requiring B.C. and T.C. to attend Urbana City Schools.   James, acting pro se, then filed, at various stages in the litigation, the following: (1) a motion requesting reallocation of parental rights and responsibilities; (2) two motions seeking to find Lynda in contempt for purportedly enrolling the children in a school system other than the Urbana City Schools; (3) an objection to the Guardian Ad Litem report; (4) a motion to dismiss with prejudice; (5) notice of a "Federal Younger Alert"; (6) a "No Confidence" motion to dismiss; (7) a request for a "CD copy" of the pretrial hearing; (8) an addendum to the "No Confidence" motion to dismiss; and (9) a motion to allow B.C. and T.C. to testify at the hearing.

{¶ 4} The trial court, on August 24, 2016, conducted a pretrial hearing.   The trial court, on September 8, 2016, filed a Journal Entry which memorialized that which occurred at the pretrial hearing.   The Journal Entry, relevant to the current discussion, appointed a Guardian Ad Litem (GAL) to represent the best interests of B.C. and T.C. The GAL conducted an investigation regarding the issues pending before the trial court and filed a report on October 25, 2016.

{¶ 5} The trial court, on March 3, 2017, conducted an evidentiary hearing resulting in an April 5, 2017 Journal Entry wherein the trial court ruled upon the pending motions. According to the Journal Entry, Lynda, with counsel, appeared and provided her testimony and the GAL's testimony.   James, acting pro se, appeared and provided his testimony along with the admission, without objection, of Exhibits A, B, E, and F.   The trial court determined that a change in the children's circumstances had occurred, and, as a result, it was in the children's best interests to modify James' parenting time.   The

trial court, accordingly, retained Lynda as B.C. and T.C.'s sole residential and legal custodian with James' parenting time modified to conform to the Standard Order with the exception that James' Christmas parenting time did not change. The trial court, additionally, granted Lynda's request that she receive the income tax dependency exemptions for both children. The trial court's rationale for this modification is that James is receiving social security disability benefits making the exemptions of no benefit to him. The trial court also granted Lynda's request that she be allowed to enroll the children in an alternate school system. The trial court, with one exception, overruled James' motions with the exception being James' motion to allow the children to testify at the hearing.[1] This appeal followed.

{¶ 6} James has not caused transcripts of the August 24, 2016 pretrial hearing[2] and the March 3, 2017 hearing to be prepared and filed. We, in response to this failure, have filed several decisions and entries. On July 3, 2017, we ordered James to show cause why his appeal should not be dismissed based upon his failure to complete the filing of the appellate record. James did not thereafter cause transcripts to be filed, but on July 17, 2017, he filed a brief.

{¶ 7} We, on August 7, 2017, filed a Decision and Entry which noted James' continued failure to file transcripts but further noted that he had filed a brief. We, given this, "deemed the record complete in its current state." James, in response, filed, on August 21, 2017, a response to the decision deeming the record complete. James

---

[1] We do not know why the children did not testify at the hearing.

[2] We presume, but do not know, that the August 24 pretrial hearing was conducted on the record.

asserted, in summary, that he had taken the required action to obtain transcripts, but that the trial court, through Local Rules and otherwise, prevented him from getting transcripts prepared and filed. We, on August 30, 2017, filed a Decision and Entry in response to James' August 21 filing noting, by reference to App.R. 9(B)(1), that "[i]t is [James'] responsibility to make arrangements, including financial arrangements, with the trial court to cause the preparation of the transcript of proceedings for the purpose of appeal." We construed James' August 7 filing as a request for additional time to file the transcripts, and ordered James, within 30 days, to "take the necessary steps to cause the completion of the record… "

{¶ 8} James, instead, filed, on September 28, 2017, a document entitled "Request of Appellant Regarding Transcripts" in which he requested that "transcripts be created IN WRITING (sic) and that 3 copies be made available for the judges of the Second District Court of Appeals, 1 copy be made for the official file held [by] the office of Penny Underwood[,] and 1 copy for [James]." We, on October 20, 2017, filed yet another Decision and Entry stating, in pertinent part, that "[a]s we advised [James] previously, it is his responsibility to make arrangements, including financial arrangements, with the trial court to cause the preparation of the transcript of proceedings for the purpose of appeal." We construed James' filing as a motion that a transcript be prepared at State's expense, and we overruled this motion. We further ordered James to make arrangements with the trial court within 20 days for the preparation of a transcript of the proceedings and within the same 20 days to inform us of the arrangements so made.

{¶ 9} James, on November 9, 2017, filed a response wherein he, in relevant part, asserts that a trial court staff member asked if he has a transcriptionist because the court

did not have a transcriptionist for his use. We, on November 27, 2017, filed a Decision and Entry noting James' discussion with the staff member, and we stated that this discussion "is consistent with the trial court's local rule (Loc.R. 20) about obtaining audio discs of hearings, for the purpose of filing an appeal[.]" We then noted that App.R. 9 governs the record on appeal, and that App.R. 9(B)(2) states that the transcriber of a proceeding "must be approved by the trial court." We further noted that App.R. 9(B)(2) allows a party to move for the appointment of a particular transcriber or the trial court may sua sponte appoint a transcriber. We then stated "[h]ere the confusion appears to be that the trial court has not designated a transcriber… either sua sponte or upon motion by [James]." We ordered the trial court to designate a transcriber within 20 days, and that James, thereafter, shall, using the designated transcriber, "cause the preparation of written transcripts from the audio discs for the purpose of this appeal." We, finally, stated that "[t]o the extent [that James] has asked that those transcripts be prepared at the State's expense," this request is overruled.

{¶ 10} The trial court, on November 29, designated a transcriber, but James failed to make arrangements with her to prepare a transcript of the proceedings. This failure resulted in the filing of a final Decision and Entry, filed on February 16, 2018, wherein we stated "the record is complete in its current state."

## Analysis

{¶ 11} James' sole assignment of error is as follows:

The court in contradiction of Law and by and through the record have continued a pattern to aide & abet Appellee in alienating the children from

their father.

The Court refuses to except (sic) that they have routinely and systematically violated Mr. Cropper's Constitutionally Protected God Given Rights and the overwhelming evidence from the Court's own record solidifies Mr. Cropper's claim of said abuse.

{¶ 12} Since James has not filed a transcript of the proceedings, "we employ the presumption of regularity in the proceedings of the trial court."  *Beverly v. Roberts*, 2d Dist. Clark No. 2008-CA-95, 2009-Ohio-1628, ¶ 10, quoting *State v. Smith*, 2d Dist. Montgomery No. 20835, 2005-Ohio-5588, ¶ 10.

{¶ 13} In *Beverly v. Roberts*, which reflects an analogous situation, we stated the following:

Assuming regularity in the trial court's proceedings, without reaching the merits of Roberts' two assignments of error, we will presume that the court held a full hearing and provided every party an opportunity to be heard on their respective motions for custody of D.R. We will also presume that the trial court, based on the evidence presented during the hearing, correctly decided that Roberts was an unsuitable parent and that an award of custody to him would be detrimental to D.R. More importantly, we must presume that the court correctly awarded sole legal custody to D.R.'s maternal grandfather, . . . .

*Beverly v. Roberts*, ¶ 11.

{¶ 14} We, without reaching the merits of James' assignment of error, must presume the regularity of the proceedings, that the trial court conducted a full, fair hearing,

and that the trial court, based upon the submitted evidence, properly ruled upon the parties' various motions.

{¶ 15} Accordingly, James' assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. concurs.

FROELICH, J., concurring:

{¶ 16} R.C. 2301.20 requires that all civil actions in the common pleas court be recorded and the notes and electronic records be preserved. When a party seeks a copy of an audio of court proceedings, he or she is entitled to that copy under R.C. 149.43(B). *State ex rel. Ulery v. Capper*, 2d Dist. Clark No. 2010-CA-97, 2012-Ohio-147, ¶ 15, citing *State ex rel. Slagle v. Rogers*, 103 Ohio St. 3d 89, 2004-Ohio-4354, 814 N.E.2d 55, ¶ 17.

{¶ 17} In contrast, the Champaign County local rule addressing audio discs provides, inter alia, that the "court will not make audio discs of hearings available to any party or attorney to a case, except in the course of an appeal or as authorized by order of the court or by statute."

{¶ 18} However, given our repeated decisions in this case regarding the preparation of a transcript and Appellant's failure to submit such record, any deficiency in the local rule is not relevant to this appeal and I concur in the affirmance.

Copies mailed to:

Bridget D. Hawkins
James T. Cropper
Hon. Lori L. Reisinger