[Cite as *Rajkumari v. Damke*, 2024-Ohio-483.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

VIMAL RAJKUMARI     :
            :
 Appellant      : C.A. No. 29812
            :
v.          : Trial Court Case No. 2023 CV 00631
            :
PRADEEP DAMKE     : (Civil Appeal from Common Pleas
            : Court)
 Appellee      :
            :

. . . . . . . . . . .

O P I N I O N

Rendered on February 9, 2024

. . . . . . . . . . .

VIMAL RAJKUMARI, Appellant, Pro Se

EMILY E. SLUK, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Petitioner-appellant Vimal Rajkumari appeals from an order of the Montgomery County Court of Common Pleas which denied her petition for a civil stalking protection order. For the reasons set forth below, we affirm.

## I.     Facts and Procedural Background

{¶ 2} Rajkumari was married to respondent Pradeep Damke from 1981 until their divorce in 2001.   The two remarried but divorced again in 2004.

{¶ 3} On February 7, 2023, Rajkumari filed a petition for a civil stalking protection order against Damke.   Although difficult to decipher, the petition made numerous allegations, including that: Rajkumari had not received her mail from 1982 through 2016 because Damke had "hijack[ed]" her mail; she "was living like [a] slave he is alcholic [sic] was drinking every day"; and Damke had forged her signature and had taken monies from her financial accounts.   Rajkumari further appeared to allege that Damke had provided incorrect information to Miami Valley Hospital after she was admitted for injuries she sustained following a 2005 motor vehicle accident.   Other than the timeframe for the alleged withholding of mail, Rajkumari failed to provide dates related to the allegations.

{¶ 4} Rajkumari waived an ex parte hearing, and the magistrate conducted a full hearing on March 8, 2023.   Following the hearing, the magistrate issued a decision in which the following findings of facts were set forth:

Rajkumari testified at the hearing that Damke has stolen or highjacked her bank accounts and 401k retirement from Miami Valley Hospital.   Rajkumari described a car accident in the year 2005 and stated Damke withheld her mail.   Rajkimari wrote on her Petition for a civil stalking protection order that the mail was withheld between the years 1982 and 2016.   Rajkimari testified at length about her general complaints being married to Damke and

her general complaints regarding the divorce proceedings.

Rajkumari blames Damke for her current lack of money, assets, food and heat in her home. At no time during her case-in-chief did Rajkumari testify that Damke made any recent threats or engaged in some type of recent behavior towards her which causes her to fear for her safety or give her mental distress.

During Rajkumari's cross-examination, [she] admitted that she hasn't had contact with Damke since the divorce, except possibly one time. Rajkumari's testimony established that Damke does not call her and that they have not spoken to each other in years. Also during cross-examination, Rajkumari admitted that her primary concerns in this matter involved the division of marital assets which were split years ago.

For her rebuttal evidence, Rajkumari showed the Magistrate a photograph of when she was ill or recovering from the accident from in 2005.

{¶ 5} The magistrate concluded that Rajkumari had failed to establish that Damke engaged in conduct constituting menacing by stalking and thus denied the petition. Rajkumari filed a document purporting to be an objection to the magistrate's decision; however, the document did not set forth any statements contesting the magistrate's findings or decision. The trial court treated the document as a general objection and entered a judgment affirming and adopting the decision of the magistrate on May 2, 2023. Rajkumari appeals.

## II.    Discussion

{¶ 6} Rajkumari has failed to comply with App.R. 15(A)(3), which requires "a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."   Her appellate brief arguably indicates that she disputes the decisions of the magistrate and trial court.   Thus, we will assume she intended to raise the following as her assignment of error:

THE DECISION OF THE MAGISTRATE AND THE TRIAL COURT

WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12.   In assessing manifest weight challenges, an appellate court reviews " 'the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).   Further, "[b]ecause the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals

to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 8} We begin by noting that Rajkumari did not file a transcript of the hearing before the magistrate with the trial court. Additionally, she has not filed a transcript of the hearing for our review. When "the error asserted is that the judgment is against the manifest weight of the evidence, the appellant must file in the court of appeals all relevant portions of the trial transcript." (Citations omitted.) *Sulvain v. Hickman*, 2d Dist. Montgomery No. 17943, 2000 WL 43716, *1 (Jan. 21, 2000). In the absence of a transcript, "we employ the presumption of regularity in the proceedings of the trial court." *Cropper v. Cropper*, 2d Dist. Champaign No. 2017-CA-13, 2018-Ohio-1536, ¶ 12, citing *Beverly v. Roberts*, 2d Dist. Clark No. 2008-CA-95, 2009-Ohio-1628, ¶ 10, quoting *State v. Smith*, 2d Dist. Montgomery No. 20835, 2005-Ohio-5588, ¶ 10. Thus, the "[f]ailure to file a transcript in these cases is generally fatal to the appeal." (Citations omitted.) *Sulvain* at *1.

{¶ 9} We further note Rajkumari has filed more than 450 pages of documents with this court, none of which appear to have been a part of the record below. She does not claim that these documents were included in the record before the trial court. Indeed, the magistrate's decision noted that only one exhibit, the 2004 judgment and decree of divorce, was introduced by Rajkumari. Because these documents were not part of the

record presented to the magistrate or the trial court, we cannot review them. *State v. Ishmail*, 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978).

{¶ 10} "When assessing whether a civil stalking protection order should have been issued pursuant to R.C. 2903.214, the reviewing court must determine whether the petitioner proved by a preponderance of the evidence that the respondent engaged in conduct constituting menacing by stalking." *Taylor v. Taylor*, 2d Dist. Miami No. 2012-CA-14, 2012-Ohio-6190, ¶ 12, citing *Lane v. Brewster*, 12th Dist. Clermont No. CA2011-08-060, 2012 Ohio-1290, ¶ 50*; Olenik v. Huff*, 5th Dist. Ashland No. 02-COA-058, 2003-Ohio-4621, ¶ 16-18. R.C. 2903.211, the menacing by stalking statute, provides that "no person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1). To establish a pattern of conduct, there only need to be two or more actions closely related in time. R.C. 2903.211(D)(1). "Whether the evidence presented is legally sufficient to sustain a verdict is a question of law." *Id.*, citing *Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

{¶ 11} According to the decision of the magistrate, Rajkumari testified she had not had contact with Damke since the parties were divorced. Indeed, the record does not contain evidence of any actions taken by Damke in relation to Rajkumari since the alleged withholding of her mail, which she admitted ended in 2016. In short, there was no evidence that the parties had had any type of contact, or that Damke had engaged in any actions related to Rajkumari, for at least the past seven years. Therefore, we cannot say the magistrate erred by denying the petition.

{¶ 12} After reviewing the record, we conclude that this is not the exceptional case warranting reversal on manifest weight grounds. Accordingly, the sole assignment of error is overruled.

### III.    Conclusion

{¶ 13} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.