[Cite as *Hudnell v. Alexander*, 2025-Ohio-390.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| WILLIE HUDNELL | : | |
| | : | |
| Appellant | : | C.A. No. 30260 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 03950 |
| | : | |
| TERESA ALEXANDER | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 7, 2025

. . . . . . . . . . .

WILLIE HUDNELL, Appellant, Pro Se

ANTHONY S. VANNOY, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Willie Hudnell appeals from the trial court's entry of judgment in favor of defendant-appellee Teresa Alexander on his complaint involving her alleged failure to maintain her property.

{¶ 2} Hudnell challenges the trial court's verdict against him following a bench trial

on his complaint, which involved a tree limb on Alexander's property growing over his garage. Hudnell asserts that he is a senior citizen on a fixed income and that he is unable to remove the limb.

{¶ 3} In the absence of a trial transcript, which Hudnell has not provided, we must presume regularity in the trial court's entry of judgment in favor of Alexander. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Hudnell filed a pro se complaint against Alexander on September 1, 2022. He sought to hold her "accountable for not maintaining her tree" and requested an order directing her to cut a limb overhanging his garage. Following an unsuccessful mediation attempt, the case proceeded to a bench trial on June 9, 2024. Based on the evidence presented, the trial court entered a verdict against Hudnell on his complaint. We later dismissed an appeal by Hudnell, noting the existence of unresolved counterclaims. The trial court dismissed Alexander's counterclaims and entered final judgment on August 29, 2024. This appeal by Hudnell followed.

## II. Analysis

{¶ 5} Hudnell's pro se appellate brief lacks an assignment of error. He expresses disagreement with the trial court's verdict because the tree is on Alexander's property. He also asserts that he is disabled and on a fixed income. Finally, Hudnell insists that he is "in no position to up keep something that's on someone else's property." For her part, Alexander has not filed an appellate brief.

{¶ 6} Despite Hudnell's dissatisfaction, his failure to file a trial transcript leaves us

with nothing to review. He cannot demonstrate error in the trial court's verdict without a transcript of what occurred during the bench trial. In the absence of a transcript, we must presume regularity and affirm the trial court's entry of judgment against him on his complaint. *Rajkumari v. Damke*, 2024-Ohio-483, ¶ 8 (2d Dist.).

### III. Conclusion

**{¶ 7}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.